**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MXGO TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> IFOUNTAIN, LLC (D/B/A OPSGENIE), <br><br> Defendant. | Civil Action No. 2:15-cv-00145 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which MXGO Technologies, Inc. ("MXGO"), by and through its undersigned counsel, submits this Original Complaint against iFountain, LLC (d/b/a OpsGenie) ("iFountain"), as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of United States Patent No. 8,463,862 (the "'862 Patent" or the "Patent-in-Suit").

### THE PARTIES

2. Plaintiff MXGO Technologies, Inc. is a California company with its place of business at 3633 Vireo Ave., Santa Clara, California 95051.

3. On information and belief, Defendant iFountain, LLC (d/b/a OpsGenie), is an entity organized and existing under the laws of the state of Texas, with its principal place of business located at 1200 Coit Road, Suite 107, Plano, Texas 75075.

### JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to its headquarters located in Plano, Texas, and its substantial business in this state, including related to the acts of infringement alleged herein.

6. More specifically, on information and belief, Defendant has an interactive website comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including because Defendant has committed patent infringement in the State of Texas, has induced others to commit infringement in the State of Texas, and/or has contributed to patent infringement in the State of Texas.  Pursuant to 35 U.S.C. § 271, Defendant infringes the Patent-in-Suit, directly and/or through intermediaries, without authority, by its making, using, offering for sale, selling, hosting, and/or importing the accused iFountain apparatuses and systems described herein in the State of Texas.  Further, Defendant solicits customers/users in the State of Texas.  On information and belief, Defendant has customers/users who are residents of the State of Texas and who purchase, acquire, and/or use Defendant's infringing products in the State of Texas.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b), including because Defendant has purposefully availed itself of the privileges of conducting business in this District, including having its headquarters located in this District; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in this District, including at least by virtue of Defendant's headquarters and interactive website that comprises infringing methods and apparatuses which are at least used in this District.

8. More specifically, on information and belief, Defendant is subject to the Court's general

jurisdiction, including because Defendant has committed patent infringement in this District, has induced others to commit infringement in this District, and/or has contributed to patent infringement in this District. Pursuant to 35 U.S.C. § 271, Defendant infringes the Patent-in-Suit, directly and/or through intermediaries, without authority, by its making, using, offering for sale, selling, hosting, and/or importing the accused iFountain apparatuses and systems described herein in this District. Further, Defendant solicits customers/users in this District. On information and belief, Defendant has customers/users who are residents of the State of Texas and who purchase, acquire, and/or use Defendant's infringing products in this District. Further, on information and belief, Defendant has an interactive websites comprising infringing methods and apparatuses, including at least those iFountain apparatuses and systems described herein, which are at least used in and/or accessible in this District. Further, on information and belief, Defendant is subject to the Court's general jurisdiction in this District, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 8,463,862

9. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-8 above.

10. The '862 Patent, entitled "Methods and Systems for Dispatching Messages to Mobile Devices," duly and legally issued by the United States Patent and Trademark Office ("USPTO") on June 11, 2013 after a full and fair examination.

11. MXGO is the assignee of the '862 Patent and has standing to bring this lawsuit for infringement of the '862 Patent, including the right to recover past damages.

12. The claims of the '862 Patent cover, *inter alia,* computer-implemented method of dispatching an electronic message from a sender, the method comprising: maintaining a

database with dispatching rules establishing preferences for message routing, at least one dispatching rule operable to distinguish between a server destination associated with a recipient and specified by a first destination address and a mobile-phone destination specified by a second destination address; and determining Whether the recipient responds to the message directed to the server destination specified by the first destination address and, if the recipient fails to respond to the message via the server destination, reformatting the message and sending the reformatted message to the mobile-phone destination nation address.

13. On information and belief, iFountain has infringed and is now infringing, literally and/or under the doctrine of equivalents, the '862 Patent in this judicial district and elsewhere in violation of 35 U.S.C. § 271 through actions comprising the making, using, offering for sale, selling, hosting, and/or importing, in the United States, apparatuses and/or systems that provide, *inter alia*, for dispatching an electronic message wherein the electronic message may be sent or provided to a recipient at a first destination or a second destination based on a set of rules and further based on whether the recipient has previously responded to a particular message. Specifically, iFountain provides apparatuses and/or systems for dispatching rules establishing preferences for message routing, including at least one rule for distinguishing between a server destination and a mobile-phone destination and further determining whether the recipient responds to the message directed to the server destination and, if not, reformatting the message and sending the reformatted message to the mobile-phone destination and which are covered by one or more claims of the '862 Patent. On information and belief, such infringing apparatuses and/or systems comprise at least the OpsGenie system, including at least OpsGenie Pro and OpsGenie Enterprise (including as found and described at www.opsgenie.com).

14. Further, or in the alternative, iFountain has been and now is indirectly infringing the '862

Patent by way of intentionally inducing infringement of the infringement of the '862 Patent, including in this District, the State of Texas, and elsewhere in the United States, by actions comprising intentionally aiding or abetting at least its customers and other end users to use said apparatuses and/or systems. Upon information and belief, such induced infringement has occurred at least since iFountain became aware of the '862 Patent, including at least through becoming aware of this lawsuit, and iFountain's inducement of infringement involves iFountain's knowledge that the induced acts constitute patent infringement.

15. Additionally, or in the alternative, iFountain has contributed to infringement of the '862 Patent in this judicial district, the State of Texas, and elsewhere in the United States, by actions comprising contributing to at least the use of said products by customers and/or other end users in this judicial district, the State of Texas, and elsewhere in the United States, and such contributory infringement involves knowledge that such apparatuses and/or systems are especially made or especially adapted for use in an infringement of the '862 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

16. On information and belief, iFountain has had at least constructive notice of the '862 Patent pursuant to the Patent Act. MXGO reserves the right to take discovery regarding iFountain's first actual notice of the '862 Patent.

17. To the extent that facts learned during the pendency of this case show that Defendant's infringement is, or has been, willful, Plaintiff reserves the right to amend this Complaint accordingly, and to request such a finding at the time of trial.

18. Each of Defendant's aforesaid activities has been without authority and/or license from Plaintiff. Such activities constitute Defendant's infringement of the '862 patent by Defendant's practicing, making, using, offering for sale, selling, hosting, and/or importing, at least the

apparatuses and systems described herein, that infringe, either directly or indirectly, the patented invention, and Defendant will continue to do so unless enjoined by the Court.

## DAMAGES

19. By way of its infringing activities, iFountain has caused and continues to cause MXGO to suffer damages, and MXGO is entitled to recover from iFountain damages in an amount to be determined at trial, but no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. Defendant's infringement of Plaintiff's exclusive rights under the Patent-in-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

21. On information and belief, this is an exceptional case entitling MXGO to recover its attorneys fees and costs pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

22. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MXGO hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

23. WHEREFORE, MXGO respectfully requests that this Court enter:

A. An adjudication that one or more claims of the Patent-in-Suit has been directly and/or indirectly infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Defendant's acts of infringement, together with pre-judgment and post-judgment interest;

C. A judgment in favor of MXGO that iFountain has willfully infringed the '862 Patent;

D. A permanent injunction enjoining the iFountain, and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '862 Patent;

E. A judgment and order requiring iFountain to pay MXGO its damages, costs, expenses, fees and prejudgment and post-judgment interest for iFountain's infringement of the '862 Patent as provided under 35 U.S.C. §§ 284 and/or 285; and

F. Any and all other relief to which MXGO may show itself to be entitled.

February 4, 2015                                          Respectfully submitted,

/s/ *Stephen F. Schlather*
Stephen F. Schlather – Lead Counsel
Texas Bar No. 24007993
John J. Edmonds
Texas Bar No. 789758
Shea N. Palavan
Texas Bar No. 24083616
COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER PLLC
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone: (713) 364-2371
Facsimile: (832) 415-2535
sschlather@cepiplaw.com
jedmonds@cepiplaw.com
spalavan@cepiplaw.com

ATTORNEYS FOR PLAINTIFF
MXGO TECHNOLOGIES, INC.